UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| GREGORY FAIRBANKS<br>992 Pom Court<br>Trenton, Ohio 45067<br><br>　　　　Plaintiff<br><br>Vs.<br><br>CITY OF TRENTON<br>11 East State Street,<br>Trenton, Ohio 45067<br><br>and<br><br>CITY OF TRENTON POLICE DEPARTMENT<br>11 East State Street<br>Trenton, Ohio 45067<br><br>and<br><br>ARTHUR SCOTT<br>Chief of Police Trenton Police Department<br>11 East State Street<br>Trenton, Ohio 45067<br><br>and<br><br>CITY OF MONROE<br>233 South Main Street,<br>P.O. Box 330<br>Monroe, Ohio 45050<br><br>and | Case No.: 1:15-cv-33<br><br>(Judge _____)<br><br>**COMPLAINT AND JURY DEMAND** |

599137v1

CITY OF MONROE DEPARTMENT OF POLICE
233 South Main Street,
P.O. Box 330
Monroe, Ohio 45050

and

BOB BUCHANAN
Chief of Police Monroe Police Department
233 South Main Street,
P.O. Box 330
Monroe, Ohio 45050

and

CITY OF MIDDLETOWN
1 Donham Plaza
Middletown, Ohio 45042

and

CITY OF MIDDLETOWN POLICE DEPARTMENT
1 Donham Plaza
Middletown, Ohio 45042

and

DAVID VANARSDALE
Chief of Police Middletown Police Department
1 Donham Plaza
Middletown, Ohio 45042

and

CRAIG FLICK
11 East State Street,
Trenton, Ohio 45067

and

JOSPEH ZIANNO                          :
11 East State Street,                    :
Trenton, Ohio 45067                   :
                                            :
                Defendants            :

Comes now the Plaintiff, by and through counsel, and for his Complaint against the Defendants, states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §1343(3) and §1343(4), which provide original jurisdiction in United States District Court to redress the deprivation, under color of any state law, statute, ordinance, regulation, custom or usage, or by any state action of any right, privilege or immunity secured by the Constitution of the United States or by any act of Congress providing for equal rights of all persons within the jurisdiction of the United States.

2. This Court further has jurisdiction pursuant to 42 U.S.C. §1983, et seq. which provide original jurisdiction in United States District Court to redress the deprivation of civil rights guaranteed by the equal protection and due process clauses of the Fourteenth Amendment to the Constitution of the United States and including state actions.

3. This Court further has jurisdiction pursuant to 28 U.S.C. §1331.

4. This action further arises under the Constitution and laws of the State of Ohio and is properly before this Court under its supplemental jurisdiction pursuant to 28 U.S.C. §1367.

5. Venue and division are proper in this jurisdiction pursuant to 28 U.S.C. §1391 and S.D. Ohio L.R. 82.1 as all defendants reside in this District and Division, and the cause of action arose in this District and Division.

## FACTS

6. On January 18, 2014, the Plaintiff, Gregory Fairbanks ("Fairbanks") was arrested and taken into physical custody by two City of Trenton police officers, Officer Craig Flick and Officer Joseph Zianno.

7. The Defendant Arthur Scott is the Chief of Police for the Trenton Police Department. Arthur Scott, in his official capacity, as Chief of Police for the Trenton Police Department, and the City of Trenton are responsible for the administration, action, and/or inaction of the Trenton Police Department and the Trenton police officers.

8. Officer Flick and Officer Zianno transported Fairbanks to Monroe, Ohio where they placed him into the physical custody of the Monroe Police Department.

9. The Defendant Bob Buchanan is the Chief of Police for the Monroe Police Department. Bob Buchanan, in his official capacity, as Chief of Police for the Monroe Police Department, and the City of Monroe are responsible for the administration, the action, and/or the inaction of the Monroe Police Department and the Monroe police officers.

10. The Monroe Police Department transported Fairbanks to Middletown, Ohio where they placed him into the custody of the Middletown Police Department.

11. The Middletown Police Department incarcerated Fairbanks until January 21, 2014 when Fairbanks was then released.

12. The Defendant David VanArsdale is the Chief of Police for the Middletown Police Department. David VanArsdale, in his official capacity, as Chief of Police for the Middletown Police Department, and the City of Middletown are responsible for the administration, the action, and/or the inaction of the Middletown Police Department, the Middletown police officers, and the Middletown jail.

12. The Defendants, at no time during these events, possessed any actual or apparent legal justification or right to restrain and/or arrest and/or incarcerate and/or imprison Fairbanks.

13. The apparent basis of the arrest was a bench warrant which had been recalled and recorded, which recall and recordation were easily accessible and available to the Defendants.

14. At all times, the Officer Flick and Officer Zianno were acting within the course and scope of their employment with the City of Trenton and/or the City of Trenton Police Department.

15. The Defendants at all relevant times acted with deliberate and/or recklessness indifference with respect to its dealings with Gregory Fairbanks and with respect to its procedures, methods, and training.

16. But for the Defendants' official policies, practices, and customs, Gregory Fairbanks would not have been subjected to a foreseeable and unreasonable risk of wrongful arrest, imprisonment and incarceration.

## COUNT ONE – FALSE IMPRISONMENT / FALSE ARREST

17. The proceeding paragraphs are incorporated by reference as if fully rewritten herein.

18. The Defendants unlawfully deprived the Plaintiff of his liberty, freedom, and other rights guaranteed to him by law.

19. As a direct and proximate result of Defendants' conduct described hereinabove, Gregory Fairbanks suffered damages.

## COUNT TWO – ASSAULT AND BATTERY

20. The proceeding paragraphs are incorporated by reference as if fully rewritten herein.

21. The Defendants acted with the intent to cause Gregory Fairbanks harmful and/or offensive contact.

22. As a direct and proximate result of the Defendants' conduct described hereinabove, Gregory Fairbanks suffered damages.

## COUNT THREE – VIOLATION OF CONSTITUTIONAL RIGHTS

23. The proceeding paragraphs are incorporated by reference as if fully rewritten herein.

24. The Defendants acted, and/or failed to reasonably act, under the color of the statutes, ordinances, regulations, customs, usages, and authority of the State of Ohio and its political subdivisions, including, but not limited to, the cities of Trenton, Monroe, and Middletown, when they violated the duties owed by them to Gregory

Fairbanks. The Defendants had no reasonable justification for their actions and inaction.

25. The Defendants actions and inaction were in violation of the duties owed by them pursuant to 42 U.S.C. §1983, et seq., and thereby deprived Gregory Fairbanks of his civil rights guaranteed by the Fourth Amendment and Fifth Amendment to the Constitution of the United States.

26. As a direct and proximate result thereof, Plaintiff has incurred the damages as described herein.

## COUNT FOUR – PUNITIVE DAMAGES

27. The proceeding paragraphs are incorporated by reference as if fully rewritten herein.

28. The Defendants' actions described hereinabove were willful, wanton, intentional, malicious and reckless.

29. As a direct and proximate result thereof, Plaintiff is also entitled to punitive damages against these Defendants.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and/or severally, as follows:

1. A judgment declaring the acts, policies and practices of the defendants to be in violation of the Fourth Amendment of the Constitution of the United States.

2. A judgment for compensatory damages in an amount to be determined at trial.

3. Punitive damages in an amount to be determined at trial.

4. An award of plaintiffs' reasonable attorney's fees and costs in connection with this matter pursuant to 42 U.S.C. §1983, and 42 U.S.C. §1988.

5. Trial by jury on all issues.

6. Any and all other relief to which plaintiff may be entitled.

Respectfully submitted,

//s// Barry F. Fagel
Barry F. Fagel         (#0060122)
LINDHORST & DREIDAME CO., LPA
312 Walnut Street, Suite 3100
Cincinnati, OH 45202
(513) 345-5797 direct
(513) 421-0212 facsimile
bfagel@lindhorstlaw.com

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues presented.

//s// Barry F. Fagel
Barry F. Fagel

**TO THE CLERK:**

Please serve all Defendants via certified mail, return receipt requested.