IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| GREGORY FAIRBANKS, | : | Case No. 1:15-cv-33 |
| Plaintiff, | : | Judge Susan J. Dlott |
| vs. | : | |
| THE CITY OF TRENTON, et al. | : | |
| Defendants. | : | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS, CITY OF TRENTON, CITY OF TRENTON POLICE DEPARTMENT, ARTHUR SCOTT, CHIEF OF POLICE, CRAIG FLICK, AND JOSEPH ZIANNO'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff, Gregory Fairbanks ("Fairbanks"), by and through counsel, respectfully requests this Court to deny the Defendants, City of Trenton, City of Trenton Police Department, Arthur Scott, Chief of Police, Craig Flick, and Joseph Zianno's (collectively "Trenton Defendants") Motion for Judgment on the Pleadings. The reasons for this opposition are more fully explained in the attached Memorandum.

/s/ Barry F. Fagel
BARRY F. FAGEL           (#0060122)
**LINDHORST & DREIDAME CO., LPA**
**Attorneys for Plaintiff, Gregory Fairbanks**
312 Walnut Street, Suite 3100
Cincinnati, OH  45202
Direct Dial:   (513) 345-5797
Facsimile:    (513) 421-0212
Email:          bfagel@lindhorstlaw.com

1

604701

## MEMORANDUM

I.    **Facts.**

Throughout the Trenton Defendants' Motion for Judgment on the Pleadings, the facts are badly misconstrued. Since the Trenton Defendants request that this Court dismiss the case under Rule 12(c), all allegations of the Plaintiff <u>must</u> be taken as true.[1] Here are the undisputed facts rather than the redressed version presented by the Trenton Defendants:

- On January 7, 2014, Judge Mark Wall of the Middletown Municipal Court issued a bench warrant for contempt in Case No. 13CRB02958 in that Court. The basis of the warrant was for unpaid fines.[2]

- This warrant was issued on erroneous information and never based on probable cause. The warrant was revoked on January 8, 2014 and Judge Wall ordered the clerk to release the bench warrant. This order was provided to (among others) the Monroe Police Department.[3]

- On January 18, 2014, <u>10 days</u> after the warrant had been recalled, Fairbanks was arrested by two City of Trenton Police Officers, Craig Flick ("Flick") and Joseph Zianno ("Zianno"). The officers informed him that the basis of the arrest was the recalled warrant. There was <u>no other purpose</u> for the arrest.[4]

---

[1] *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008) (quoting *JP Morgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6thCir. 2007).
[2] Doc. 17 at ¶6.
[3] *Id.* at ¶7-8.
[4] *Id.* at 9.

2

- This bench "warrant was <u>not facially or otherwise valid</u> at the time of the arrest, having been recalled for a period of ten days and... a matter of record during the entire time."[5]

- Fairbanks did not merely proclaim his innocence. He specifically informed both officers that the warrant had been recalled. The two officers ignored him.[6] Furthermore, the "Defendants... at all relevant times knew, or should have known, that the aforesaid warrant had been revoked..."[7]

- Zianno and Flick failed to "reasonably" act upon the accurate information provided to them.[8] Furthermore, "At all relevant times, the aforementioned police officers... including but not limited to Officer Zianno and Officer Flick, acted in such a manner that a reasonable person in the officers' position would have known that their conduct was unlawful and unconstitutional."[9]

- "This conduct includes, but is not limited to, "arresting and/or incarcerating the Plaintiff on a recalled warrant, failing to properly investigate if the warrant was valid even after being informed that it had been recalled 10 days prior, arresting and/or incarcerating the Plaintiff <u>with the knowledge that the warrant had been recalled</u>, and failing to adhere and/or comply with reasonable and recognized standards of police practices, policies, procedures, and customs."[10]

- Furthermore, the Defendants employed unwarranted, harmful and unnecessary physical force and violence during the unlawful arrest and incarceration of the

---

[5] *Id.* at ¶23.
[6] *Id.* at ¶10.
[7] *Id.* at ¶25.
[8] *Id.* at ¶10.
[9] *Id.* at ¶27.
[10] *Id.*

3

604701

Plaintiff. Such contact included, but is not limited to, forcefully <u>laying hands upon</u> and <u>handcuffing</u> the Plaintiff and <u>forcefully and physically placing him</u> into the Trenton and Monroe officers' vehicles and into the Middletown jail.[11]

- Zianno and Flick transported Fairbanks to the Monroe Police.[12]
- The Trenton Defendants, specifically the City of Trenton and the City of Trenton Police Department, also violated Fairbanks constitutional rights through the following actions and/or inactions:
    - Cumulatively and in the alternative, their failure to create, provide training on and/or implement proper and effective policies, practices, procedures and customs covering the recordation, notification and ascertainment of the continuing validity and/or recall of bench warrants. Such policies, practices, procedures and customs would have prevented failures properly to provide information, document, memorialize and publicize recalled warrants; failing properly to check whether a warrant has been recalled and revoked; and the arrest of persons on recalled or revoked warrants.
    - Cumulatively and in the alternative, their failure to adhere to and/or comply with existing policies, practices, procedures and customs would have prevented failures properly to provide information, document, memorialize and publicize recalled warrants; failing properly to check whether a warrant has been recalled and revoked; and the arrest of persons on recalled or revoked warrants.
    - Cumulative and in the alternative, their failure to adhere to and/or comply with reasonable and recognized standards of police practices governing policies, practices, procedures and customs would have prevented failures properly to provide information, document, memorialize and publicize recalled warrants; failing properly to check whether a warrant has been recalled and revoked; and the arrest of persons on recalled or revoked warrants.[13]

---

[11] *Id.* at ¶37.
[12] *Id.* at ¶12.
[13] *Id.* at ¶25.

4

604701

The Trenton Defendants' involvement ended with the transfer of Fairbanks to the Monroe Police Department. However, the above facts, pled in detail in the Amended Complaint, more than adequately allege that the Trenton Defendants knowingly and unlawfully arrested Fairbanks on the basis of an invalid warrant that was never based on probable cause. Thus, the Plaintiff has more than sufficiently satisfied any applicable standard as to the pleading of claims for false arrest, assault and battery, and municipal liability for failing to create, implement, and/or enforce proper customs and procedures to prevent arrests based on recalled warrants.

## II. Law and Argument.

### A. Rule 12(C) Standard

The Trenton Defendants correctly state that, "For the purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party <u>must</u> be taken as true, and the motion may be granted <u>only</u> if the moving party is nevertheless clearly entitled to judgment."[14] (Emphasis supplied) A motion brought pursuant to Rule 12(c) is appropriately granted "when no issue of fact exists and the part making the motion is entitled to judgment as a matter of law."[15] The Trenton Defendants cannot meet this high standard and, accordingly, their Motion for Judgment on the Pleadings should be dismissed.

---

[14] *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008) (quoting *JP Morgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6thCir. 2007).
[15] *Id.* at 582

5

604701

### B. The Trenton Officers Are Not Entitled To Qualified Immunity

As a general principle, "government officials performing discretionary functions enjoy qualified immunity from liability for performance of their official duties."[16] Whether such an official may nevertheless be held personally liable for an allegedly unlawful action involves an inquiry into the "objective legal reasonableness" of the action.[17] If the constitutional right "the government official allegedly violated was clearly established at the time of the challenged conduct, the immunity defense ordinarily should fail, since a reasonably competent public official should know the law governing his conduct."[18]

"The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right."[19] As the Supreme Court explained, however, "[t]his is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in the light of pre-existing law the unlawfulness must be apparent."[20]

#### 1. There Is No Qualified Immunity For The False Arrest.

To state a claim for false arrest, a plaintiff must prove that the arresting officer did not have probable cause to arrest the plaintiff.[21] If an arrest is without probable cause, the arrest violated the plaintiff's Fourth Amendment rights.[22] At the time of the arrest, it

---

[16] *Estate of Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999) (quoting *Thomas v. Whalen*, 51 F.3d 1285, 1289 (6th Cir. 1995).
[17] *Id.* (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 819, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)).
[18] *Id.* (quoting *Thomas,* 51 F.3d at 1289).
[19] *Id.* (quoting *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)).
[20] *Id.*
[21] *Radvansky v. City of Olmsted Falls,* 395 F.3d 291, 302, 307 n. 12 (6th Cir.2005).
[22] *Kaylor v. Rankin,* 356 F. Supp. 2d 839, 845 (N.D. Ohio 2005) (citing *Beck v Ohio,* 379 U.S. 89, 91, 85 S.Ct. 223, 12 L.Ed.2d 142 (1964); *Sandul v. Larion,* 119 F.3d 1250, 1256 (6th Cir. 1997).

604701

is clear (and undisputed) that Fairbanks was arrested on the basis of the recalled (and thus unlawful) warrant.[23] There was no other purpose for the arrest.[24]

The Trenton Defendants cite *Seals v. Jones* out of the Northern District of Oklahoma to argue that the Trenton officers are entitled to judgment on the pleadings. *Seals* states, "[C]ourts have concluded that arrests on recalled or invalid warrants did not violate constitutional rights where the arresting officer was unaware of the recall."[25] However, this proposition is not applicable to this action, at least at this stage of the case. The Amended Complaint plainly states that the Trenton officers <u>knew</u> the warrant had been recalled.[26] Furthermore, *Seals* sheds a light on how officers should proceed when arresting someone on an out-of-county arrest warrant. In *Seals*, the officer did what Defendants Flick and Zianno did not do, namely, contact the jail to confirm the existence of the warrant.[27] As a result of the one phone call not made in the case at bar, the jail then confirmed that the warrant was active but failed to contact the county which issued the warrant. The court stated, "An out-of-county warrant should be verified with the originating county."[28] The Trenton Officers had ample opportunity to do this with just one phone call; but they did not.

The Defendants argue that they are entitled to qualified immunity based on <u>their</u> interpretation of the claimed fact that they were "[A]cting pursuant to a warrant out of Middletown Municipal Court, arrested Plaintiff when he said he was innocent."[29] This is a grossly inaccurate misrepresentation of the actual facts pleaded with specificity by the

---

[23] Doc. 17 ¶9.
[24] *Id.*
[25] *Seals v. Jones*, 2014 WL 3818280, at *1 (N.D. Okla. Aug. 4, 2014).
[26] Doc. 17. at ¶25, 27.
[27] *Seals v. Jones*, 2014 WL 3818280, at *2 (N.D. Okla. Aug. 4, 2014).
[28] *Id.*
[29] Doc. 23 p. 5.

7

Plaintiff. For one, the word "innocent" is not used a single time in the Amended Complaint. Fairbanks informed the officers that the warrant had been "revoked", not just that he was innocent. It would have been a simple matter of checking their computer system and/or contacting the Monroe or Middletown police departments to verify this easily accessible information (as the *Seals* officer at least attempted to do). Second, the Amended Complaint makes it abundantly clear that the Trenton police officers <u>knew</u> that the warrant had been revoked. Paragraphs 9, 10, 25, 27, and 30 in the Amended Complaint all allege that Officers Zianno and Flick knew the warrant had been recalled.[30]

We believe the evidence will show that Trenton Police officers' computer (or other monitoring device) showed that the warrant had been recalled. If the computer did show the recall, there is little doubt that the police officers can be held liable on every count in the Amended Complaint. If, however, the computer did not show that the warrant had been recalled, this is disturbing evidence of a systematic and/or procedural failure on part of the Trenton Police Department and/or the City of Trenton as to updating the status of warrants, or on part of the City of Middletown and/or the Middletown Police Department in reporting and publicizing the recall of warrants. This information is within the exclusive control of the Trenton Police Department and would be a part of discovery as this case goes forward.

Taking the Plaintiff's pleadings as true, there is (at least at this stage of the case) simply no disputing the argument that the police officers knew (or should have known) that they were arresting the Plaintiff on a recalled and invalid warrant. As stated, there was no other purpose for the arrest outside the recalled warrant. Accordingly, Fairbanks

---

[30] Doc. 17.

8

604701

has fulfilled his pleading burden that the Trenton Police Officer did not have probable cause to arrest him. Furthermore, it is abundantly clear that a reasonable police officer would understand that arresting someone without probable cause and on a warrant he knew (or should have known) was invalid is a violation of a constitutional right that has been clearly established.

### 2. There Is No Qualified Immunity For The Assault And Battery.

An assault is "the willful threat or attempt to harm or touch another offensively, which threat or attempt reasonably places the other in fear of such contact."[31] An assault is the beginning of an act which, if consummated, would amount to battery.[32] The act must also cause a reasonable fear of immediate physical contact.[33]

A person commits a battery when he "acts intending to cause a harmful or offensive contact, and when a harmful contact results."[34] Offensive contact is "contact which is offensive to a reasonable sense of personal dignity."[35] Generally, when arresting someone, a police officer commits acts which, unless privileged, constitute battery.[36] The Ohio Supreme Court, in *Love v. City of Portland*, stated, "The acts of subduing and handcuffing are undoubtedly offensive to a reasonable sense of personal dignity. The contact involved is plainly intentional; one cannot accidentally handcuff or subdue another."[37]

The Trenton Defendants again ignore the detailed facts in the Amended Complaint. They assert that the "Plaintiff offers no further details of the arrest other than

---

[31] *Kaylor v. Rankin*, 356 F. Supp. 2d 839, 845 (N.D. Ohio 2005) (quoting *Smith v. John Deere Co.*, 83 Ohio App.3d 398, 406 (1993)).
[32] *Id.*
[33] *Id.*
[34] *Id.* (quoting *Love v. City of Port Clinton*, 37 Ohio St.3d 98, 99 (1994)).
[35] *Id.*
[36] *Id.*
[37] *Id.*

9

604701

it was 'forceful[],'"[38] thus completely ignoring paragraph 37 of the Amended Complaint which describes the assault and battery in great detail:

> The Defendants... employed unwarranted, harmful and unnecessary offensive physical force and violence during the unlawful arrest and incarceration of the Plaintiff. Such contact included, but is not limited to, forcefully laying hands upon and handcuffing the Plaintiff and forcefully and physically placing him into the Trenton and Monroe officers' vehicles and into the Middletown jail.[39]

This willful blindness on behalf of the Trenton Defendants is typical throughout their motion for judgment on the pleadings. Rather than stating all the facts pled throughout the Amended Complaint, they pick one small part of the story and inaccurately conclude that "this is all the Plaintiff says." The actual pleadings go well beyond "threadbare recitals of the elements." It specifically avers that the assault and battery occurred when the officers used force to handcuff him and force him into their vehicle.

The Amended Complaint makes it clear that the police officers committed a classic assault and battery on Fairbanks when they arrested him, handcuffed him, and forcefully placed him their vehicle. These actions constituted an assault and battery unless those actions were privileged. As discussed above, since the officers did not arrest Fairbanks based on probable cause or pursuant to a valid warrant (which they knew [or should have known] was invalid), the officers' actions were not privileged and constituted an assault and battery.

---

[38] Doc 23 p. 8.
[39] Doc 17, at ¶37.

### C. Municipal Liability Has Been Sufficiently Pled

A municipality may only be held liable for violating constitutional rights under §1983 if the deprivation was the result of an official policy or custom.[40] However, a municipality cannot be held liable for a §1983 violation under a theory of *respondeat superior*.[41] Furthermore, even if municipal actors are ordinarily shielded by qualified immunity, such immunity does not automatically shield a municipality or a county from constitutional liability under §1983.[42]

In this case, the Plaintiff has specifically alleged that his unlawful arrest and assault and battery arose out of an official policy and/or custom of the City of Trenton and the City of Trenton Police Department. The Amended Complaint states, but for the City of Trenton's and the City of Trenton Police Department's "approved policies, practices, and customs and their other actions and inactions set forth in the preceding paragraphs hereof, the Plaintiff would not have been subject to a foreseeable and unreasonable risk of wrongful arrest, assault and battery, and imprisonment and incarceration."[43]

The Trenton Defendants rely on *Ashcroft v. Iqbal* and argue that the Plaintiff has failed to make more than summary allegations of municipal liability.[44] What is the language in *Ashcroft* which should provide guidance to this Court? It appears on p. 678 where the opinion demands that the pleader assert "more than an unadorned the – defendant – unlawfully harmed – me accusation"; and that a complaint must "state a

---

[40] Slusher v. Delhi Twp., Ohio, No. 1:08-CV-273, 2009 WL 2145608, at *12 (S.D. Ohio July 14, 2009) (citing *Monell v. Department of Social Services*, 436 U.S. 658, 690, 98 S.Ct. 2018 (1978)).
[41] *Id.*
[42] Scott v. Clay Cnty., Tenn., 205 F.3d 867, 879 (6th Cir. 2000) (citing *Letaherman v. Tarrant County Narcotics Unit*, 507 U.S. 163, 166-167, 113 S.Ct. 1160 (1993)).
[43] Doc. 17, at ¶30. See also, ¶25.
[44] Doc. 23, at p.10.

11

604701

claim that is plausible on its face."[45] On p. 680, the opinion concludes that plaintiff "has not nudged [his] claims... across the line from conceivable to plausible."[46]

We submit that the allegations of paragraph 25 of our Amended Complaint do easily pass these tests. Each subsection thereof is the polar opposite of "this defendant unlawfully harmed me." For example, subsection (a) specifies particular claimed failures to create, provide training on and/or implement policies, practices, procedures, and customs as to this very situation which caused damage to the plaintiff: the then existing system for the "recordation, notification and ascertainment of the continuing validity and/or recall of bench warrants."

Without the benefit of discovery, how much more specific could a pleader be? If Trenton had filed a Motion for a more Definite Statement under F.R.C.P. 12(e), what would be claimed to be missing? Should this Plaintiff attempt to amend his Complaint even further, by alleging, for example, that the Trenton Officers' computer showed that the warrant had been recalled? The Trenton argument is long on rhetoric but stumbles onto its own sword by failing to suggest what additional language is required. Indeed, it is safe to say that, had more specific facts appeared in paragraph 25, we would now be confronted with a Motion to Strike under F.R.C.P. 12(f).

### D. The Plaintiff Can Recover Punitive Damages Against Officer Zianno And Officer Flick

In a §1983 action, punitive damages are available.[47] It has likewise been generally established that individual public officers are liable for punitive damages for their misconduct on the same basis as other individual defendants.[48]

---

[45] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)
[46] *Id.* at 680.
[47] *Smith v. Wade*, 461 U.S. 30 (1983).

12

604701

Once again, the Trenton Defendants rely on *Ashcroft*. For the same reasons discussed above, this argument must fail. Throughout the Amended Complaint, the Plaintiff specifically alleges that the Defendants acted "... knowingly, intentionally, and/or with deliberate and/or reckless and/or malicious indifference."[49] With regard to the Trenton Police Officers, Zianno and Flick, the Plaintiff is clearly alleging that they knew the warrant had been recalled (through the Plaintiff and other sources); and that the officers still proceeded maliciously and unlawfully arrested him. This allegation (if proved to at trial) is enough for the Plaintiff to recover punitive damages against Officer Zianno and Officer Flick.

### D. Conclusion.

For all the foregoing reasons, Gregory Fairbanks respectfully requests this Court to deny the Trenton Defendants' Motion for Judgment on the Pleadings. This will permit discovery to go forward and enable the Plaintiff to ascertain and/or verify what various persons knew at various times, what their thoughts were and intentions were, what documents and data now reside in official files thus far unreachable by the Plaintiff and much more currently unavailable relevant information. Only when that process is complete, should the movants have the right to seek what their pending motion seeks.

---

[48] *Id.* (See also *Scott v. Donald*, 165 U.S. 58, 77–89, 17 S.Ct. 265, 266–68, 41 L.Ed. 632 (1897) (punitive damages for constitutional tort)).
[49] Doc. 17, at ¶25 and 47.

/s/ Barry F. Fagel
BARRY F. FAGEL (#0060122)
**LINDHORST & DREIDAME CO., LPA**
**Attorneys for Plaintiff, Gregory Fairbanks**
312 Walnut Street, Suite 3100
Cincinnati, OH 45202
Direct Dial: (513) 345-5797
Facsimile: (513) 421-0212
Email: bfagel@lindhorstlaw.com

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a copy of the foregoing was served by the Clerk's CM/ECF system this 26th day of June, 2015, upon:

D. Patrick Kasson
REMINGER CO., L.P.A.
Capitol Square Building
65 E. State Street, 4th Floor
Columbus, Ohio 43215
pkasson@reminger.com
Counsel for Defendants City of Trenton,
Trenton Police Department, Arthur Scott, Craig Flick, and Joseph Zianno

Lawrence E. Barbiere
SCHROEDER, MAUNDRELL, BARBIERE & POWERS
5300 Socialville-Foster Road, Suite 200
Mason, Ohio 45040
lbarbiere@smbplaw.com
Counsel for Defendants Monroe Police Department
and Bob Buchanan

and

David B. Shaver
Jeffrey C. Turner
SURDYK, DOWD & TURNER, CO., L.P.A.
8163 Old Yankee Street, Suite C
Dayton, Ohio 45458
jturner@sdtlawyers.com
dshaver@sdtlawyers.com
Counsel for Defendants City of Middletown, Middletown Police Department
and David VanArsdale

/s/ Barry F. Fagel
Barry F. Fagel

14

604701