IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Gregory Fairbanks, | : | |
| | : | Case No. 1:15-cv-33 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Granting Motion for Judgment |
| City of Trenton, *et al.*, | : | on the Pleadings |
| | : | |
| Defendants. | : | |

This matter is before the Court on the Motion for Judgment on the Pleadings (Doc. 23) filed by Defendants City of Trenton, City of Trenton Police Department, Chief of Police Arthur Scott, Officer Craig Flick, and Officer Joseph Zianno (collectively, the "Trenton Defendants"). Plaintiff Gregory Fairbanks filed this suit against the Trenton Defendants and against other Ohio municipalities and their police departments following his arrest pursuant to a recalled bench warrant. Fairbanks asserts state tort claims and federal constitutional claims. For the reasons that follow, the Trenton Defendants' motion will be **GRANTED**.

## I. BACKGROUND

### A. Factual History

The following facts are derived from Fairbanks's Amended Complaint (Doc. 17) and the Trenton Defendants' Answer (Doc. 19) thereto.

On January 7, 2014, Judge Mark Wall of the Middletown Municipal Court issued a bench warrant for unpaid fines as to Plaintiff Gregory Fairbanks in Case Number 13CRB02958. (Doc. 17 at PageID 70.) Judge Wall recalled the warrant on January 8, 2014 after determining that Fairbanks was not required to pay any fines. (*Id.*) He ordered the Clerk of Court to release the

warrant expeditiously.  (*Id.*)  The order releasing the warrant was provided to "(among others) the Monroe Police Department."  (*Id.*)[1]

On January 18, 2014, Officers Flick and Zianno of the Trenton Police Department arrested Fairbanks.  Fairbanks pleads that the officers informed him that "the basis of the arrest was the aforementioned warrant."  (*Id.*)  Nonetheless, he also pleads that the officers "knew or should have known" that the arrest warrant had been recalled.  (*Id.* at PageID 74–75.)  The only basis for that conclusory allegation is that Fairbanks told the officers during his arrest that the bench warrant had been recalled.  (*Id.* at PageID 70.)  The officers proceeded with the arrest despite Fairbanks's protestations.  (*Id.* at PageID 74.)  Fairbanks also alleges that the officers used "unwarranted, harmful and unnecessary offensive physical force and violence" in effectuating his arrest including by "forcefully laying hands upon him and handcuffing [him]" and "forcefully and physically placing him into the . . . officers' vehicle[]."  (*Id.* at PageID 75–76.)

Officers Flick and Zianno transported Fairbanks to Monroe, Ohio where they transferred him to the custody of the Monroe Police Department.  (*Id.* at PageID 71.)  The Monroe Police Department, in turn, transferred Fairbanks to the Middletown Police Department.  (*Id.*)  Fairbanks was held in custody until January 21, 2014 and then released.  (*Id.* at PageID 72.)

**B.** **Procedural Posture**

Fairbanks initiated this suit on January 16, 2015.  He asserts claims against the Trenton Defendants for (1) false imprisonment/false arrest, (2) assault and battery, and (3) violations of

---

[1] Fairbanks did not attach a copy of the bench warrant or the order recalling the bench warrant to the Amended Complaint, nor do those records appear to be accessible online.

constitutional rights.  (*Id.* at PageID 75–77.)[2]  He sues Officers Flick and Zianno in their individual and official capacities, but he sues Chief Scott in his official capacity only.  (Doc. 17 at PageID 70–71.)

## II.    LEGAL STANDARD

The Trenton Defendants move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  The legal standard for adjudicating a Rule 12(c) motion is the same as that for adjudicating a Rule 12(b)(6) dismissal motion.  *Lindsay v. Yates*, 498 F.3d 434, 437 n.5 (6th Cir. 2007).  Rule 12(b)(6) permits a party to move for dismissal for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  The district court "must read all well-pleaded allegations of the complaint as true."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  However, this tenet is inapplicable to legal conclusions and legal conclusions couched as factual allegations.  *Id.*

To withstand a motion for dismissal or for judgment on the pleadings, the complaint "does not need detailed factual allegations," but it must contain "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id.*  The Court does not require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face."  *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

---

[2]  Fairbanks also named as Defendants the City of Monroe, Ohio, the Monroe Police Department, the Monroe Police Chief, the City of Middletown, Ohio, the Middletown Police Department, and the Middletown Police Chief. However, the pending motion concerns only the claims against the Trenton Defendants.

III.     ANALYSIS

A.     **Claims Against Officers Flick and Zianno in Their Individual Capacities**

1.     **False Imprisonment/False Arrest Under Ohio Law**

Fairbanks alleges that the Trenton officers are liable for false imprisonment and/or false arrest. To begin, Fairbanks's false imprisonment claim fails as a matter of law because false imprisonment is a matter between private citizens under Ohio law. *Kareva v. U.S.*, 9 F. Supp. 3d 838, 845 (S.D. Ohio 2014). Claims for false imprisonment cannot be asserted against government actors such as police officers. *Id.*

False arrest is the deprivation of a person's liberty without lawful justification. *Thacker v. City of Columbus*, 328 F.3d 244, 261 (6th Cir. 2003) (applying Ohio law). The elements for a false arrest claim are: (1) detention of a person and (2) an unlawful detention. *Id.* Under Ohio law, an arrest warrant issued by a court is a complete defense to an action for false arrest unless it is "utterly void." *Vorticky v. Village of Timberlake, Ohio*, 412 F.3d 669, 677 (6th Cir. 2005) (internal citation and quotation omitted); *see also Norwell v. Cincinnati*, 729 N.E.2d 1223, 1237 (Ohio App. 1999) (stating that a claim for false arrest is proper when the aggrieved party "is arrested without legal process, or under a void process"). A warrant is void if the facts set forth therein cannot conceivably constitute an offense or if the court issuing the warrant has no jurisdiction over the person or the offense. *Click v. Parish*, 89 Ohio App. 318, 326 (1950), *aff'd* 155 Ohio St. 84, 98 N.E. 2d 293 (1951).

Fairbanks has alleged that the Trenton officers arrested him pursuant to a bench warrant that had been recalled. Fairbanks asserts no facts suggesting that the recalled warrant was void from its inception, as opposed to merely being issued erroneously. He alleges that Officers Flick and Zianno knew or should have known that the warrant had been recalled, but that allegation is

only speculative and not supported by specific facts.[3]  The allegation that Fairbanks told the

officers during his arrest that the warrant had been recalled does not change the analysis.  Police

officers are "under no obligation to give any credence to a suspect's story or alibi, nor should a

plausible explanation in any sense require the officer to forego arrest pending further

investigation if the facts as initially discovered provide probable cause."  *Criss v. City of Kent*,

867 F.2d 259, 263 (6th Cir. 1988) (applying federal law); *see also Henderson v. Euclid*, No.

101149, 2015 WL 114601, at *7 (Ohio App. Jan. 8, 2015) (applying the same standard under

Ohio law).  Accordingly, the Trenton officers were not required to forgo arresting Fairbanks on a

facially valid warrant because he protested that the warrant had been recalled.  Fairbanks's false

arrest claim, therefore, fails as a matter of law.

### 2.    Assault and Battery Under Ohio Law

Fairbanks alleges Officers Flick and Zianno used unnecessary force during his arrest,

including forcibly handcuffing him and placing him in the police vehicle.  Assault "is a willful

threat or attempt to harm or touch another offensively that results in placing the other reasonably

in fear of such contact."  *Snyder v. United States*, 990 F. Supp. 2d 818, 831 (S.D. Ohio), *aff'd*

590 F. App'x 505 (6th Cir. 2014).  Battery is "an intentional uninvited contact with another."

*Harris v. U.S.*, 422 F.3d 322, 330 (6th Cir. 2005).  However, officers are privileged to make

reasonable physical conduct in effectuating an arrest.  *Id.* at 331; *Snyder*, 990 F. Supp. 2d at 832.

For a law enforcement officer to be liable for an assault and battery in the course of a lawful

---

[3] Fairbanks argues in his Memorandum in Opposition that he believes that the evidence would show that the Trenton Police Department computer system indicated that the warrant had been recalled.  (Doc. 17 at PageID 75.) However, he did not plead any facts in the Amended Complaint that support that argument.  He also has not moved to amend the Amended Complaint to add such facts.  Moreover, after *Iqbal*, a plaintiff is not entitled to discovery to find facts necessary to plead a sufficient claim.  *See Northampton Restaurant Group, Inc. v. FirstMerit Bank, N.A.*, 492 F. App'x 518, 521–22 (6th Cir. 2012); *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011).  The Sixth Circuit "has rejected the argument that a claim should survive a motion to dismiss on the basis that necessary information is exclusively within the defendant's control, even in the context of the less rigorous pleading requirements of Federal Rule of Civil Procedure 8."  *Chesbrough v. VPA, P.C.*, 655 F.3d 461, 472 (6th Cir. 2011).

arrest, the plaintiff must demonstrate that the officer acted outside the scope of employment and acted with malicious purpose, bad faith, or in a wanton or reckless manner.  *Hale v. Vance*, 267 F. Supp. 2d 725, 736 (S.D. Ohio 2003).  Fairbanks has not alleged facts sufficient to establish that either officer acted with a malicious purpose or in bad faith as would be necessary to state a claim for assault or battery in the course of a lawful arrest.  These claims also fail as a matter of law.

### 3. Fourth Amendment Violation

In his third claim, Fairbanks alleges that the Trenton officers violated his Fourth Amendment rights when they arrested him pursuant to the recalled bench warrant and used force to effectuate that arrest.  The Fourth Amendment protects against unreasonable searches and seizures and requires that arrest warrants be issued only upon a showing of probable cause.  U.S. Const. amend. IV.  A plaintiff who has been denied his Fourth Amendment rights by a person acting under the color of state law can bring a federal cause of action against that person pursuant to 42 U.S.C. § 1983.

Officers Flick and Zianno move for judgment on the pleadings on the basis of qualified immunity as to the Fourth Amendment claim.  The doctrine of qualified immunity provides "that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Qualified immunity provides immunity from suit, not simply a defense to liability.  *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).  To determine whether qualified immunity applies, courts must ask whether the government official's conduct violated a constitutional right, and if yes, ask whether the specific right violated was clearly established.

*Saucier v. Katz*, 533 U.S. 194, 200–01 (2001).  "Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right."  *Pearson*, 555 U.S. at 232.

Fairbanks has not pleaded facts sufficient to establish a claim for a violation of his Fourth Amendment rights for the same reasons he failed to state claims for false arrest or for assault and battery.  The Trenton officers arrested him on the authority of the bench warrant issued by the Middletown Municipal Court.  "An arrest pursuant to a facially valid warrant is normally a complete defense to a federal constitutional claim for false arrest or false imprisonment made pursuant to § 1983."  *Robertson v. Lucas*, 753 F.3d 606, 618 (6th Cir. 2014) (citation omitted).  As stated earlier, Fairbanks provides no facts supporting the conclusory allegation that the Trenton officers should have known that the bench warrant had been recalled before arresting Fairbanks, and therefore, no basis to conclude that his constitutional rights were violated.  *Mitchell v. Aluisi*, 872 F.2d 577, 578–79 (4th Cir. 1989) (finding no constitutional violation when officer arrested plaintiff on a recalled warrant); *Seals v. Jones*, No. 12-cv-569, 2014 WL 3818280, at *5 (N.D. Okla. Aug. 4, 2014) ("[A]rrests on recalled or invalid warrants did not violate constitutional rights where the arresting officer was unaware of the recall.").

Furthermore, the officers were not constitutionally mandated to investigate Fairbanks's protestations that the warrant had been recalled.  *Nerswick v. CSX Transp., Inc.*, 441 F. App'x 320, 323 (6th Cir. 2011).  An officer who has probable cause or is acting pursuant to a facially valid warrant "has no further obligation to continue the investigation and may instead pursue arrest of the suspect."  *Id.*  Unfortunately for Fairbanks in this case, "the law accepts the risk that in some cases officers may arrest the innocent."  *Snyder*, 990 F. Supp. 2d at 840; *see also Criss*, 867 F.2d at 263 (stating that the Constitution does not require an arresting officer to investigate

every claim of innocence because, to hold otherwise, would allow every suspect to evade arrest by denying guilt).

Turning to the excessive force claim, "claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard." *Graham v. Connor*, 490 U.S. 386, 395 (1989). "[T]he right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Id.* at 396. The Fourth Amendment prohibits "unduly tight handcuffing in the course of an arrest," *Lyons v. City of Xenia*, 417 F.3d 565, 575 (6th Cir. 2005), but Fairbanks has not pleaded sufficient facts to state a claim for excessive force under that theory. Fairbanks pleaded that the officers "forcefully" laid hands upon him, handcuffed him, and physically placed him in the police vehicle. (Doc. 17 at PageID 76.) These allegations, without more, are not sufficient to state a claim for unreasonable use of force to effectuate a lawful arrest. Specifically, Fairbanks failed to plead that he suffered any physical injury or bruising from the handcuffing or that the officers ignored a complaint that the handcuffs were too tight. *See Lyons*, 417 F.3d 575–76 (stating requirements for an excessive force claim).

In conclusion, Officers Flick and Zianno are entitled to qualified immunity because Fairbanks has not pleaded sufficient facts to establish a violation of his Fourth Amendment rights.

**B.     Claims Against the Municipality**

The Court will address together the claims against the City of Trenton, against the Trenton Police Department, and against Chief Scott and Officers Flick and Zianno in their official capacities. "Suing a public official in his official capacity for acts performed within the

8

scope of his authority is equivalent to suing the governmental entity." *Soper v. Hoben*, 195 F.3d 845, 853 (6th Cir.1999). A municipality is "liable under § 1983 only where the municipality itself causes the constitutional violation at issue." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Fairbanks has not stated a claim against the City of Trenton for a constitutional violation for the simple reason that he failed to plead sufficient facts that he suffered a constitutional injury as set forth in the analysis above.

Fairbanks does not make a specific argument that the City of Trenton is liable for a state tort. Such a claim would fail as a matter of law because the Court has found that Fairbanks has not stated a claim that he was falsely arrested or subjected to an unlawful assault or battery. Moreover, the City of Trenton would have governmental immunity pursuant to Ohio Revised Code chapter 2744 in the absence of evidence or allegations that an exception to immunity applies.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff Fairbanks has failed to state a claim upon which relief can be granted against the Trenton Defendants. The Trenton Defendants' Motion for Judgment on the Pleadings (Doc. 23) is **GRANTED**.

IT IS SO ORDERED.

S/Susan J. Dlott
Judge Susan J. Dlott
United States District Court